IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Jodie Martucci, individually and as Special Administratrix of the Estate of Daniel Martucci, deceased,<br><br>　　　Plaintiff,<br><br>v.<br><br>P&A Transportations, Inc. and Jose Luis Couto Olivares,<br><br>　　　Defendants. | Case No. 12-CIV-402-RAW |

**ORDER**

Before the court is Defendants' Motion to Bifurcate Liability and Damages at Trial [Docket No. 34][1]. This case was originally filed on September 27, 2012 regarding the death of Daniel Martucci due to a motor vehicle accident. Defendants request the court bifurcate the liability and damage portions of the trial in this matter, due to possible prejudice resulting from sympathy and due to judicial economy.

The Federal Rules of Civil Procedure authorize the bifurcation of claims during a trial.

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

F.R.C.P. 42(b). The Advisory Committee Notes to the 1966 Amendment, however, state that

---

[1] Defendants' motion gives no indication whether Local Civil Rule 7.1(g) was followed, and if so, the results of that meet and confer.

bifurcation "is not to be routinely ordered" but may be "encouraged where experience has demonstrated its worth."

Defendant cites a case from this court in which a motion to bifurcate was granted. (Welch v. Longhorn Intl. Inc., Case No. 2004-CV-241-RAW.) The court would clarify, however, the Welch case was actually four civil cases consolidated for purposes of discovery and trial. While the Welch case was also filed as a result of a semi-truck accident, it involved multiple plaintiffs. The instant case involves only one plaintiff, the spouse of Mr. Martucci.

The court should consider three factors to determine if bifurcation is appropriate:

1. Whether bifurcation will promote judicial economy and preserve the parties' resources;

2. The separability of issues; and

3. The fairness of bifurcating the trial.

Blagg v. Line, 2012 WL 90439 (N.D.Okla.) and Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 964 (10th Cir. 1993).

Additionally, the "presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses. The burden is on the movant to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties." The Ark of the Pikes Peak Region v. National Mentor Holdings, Inc., 2011 WL 1004923 (D.Colo.), quoting Patten v.

Lederle Laboratories, 676 F.Supp. 233, 238 (D. Utah 1987). See also, Belisle v. BNSF Ry. Co., 697 F.Supp.2d 1233, 1250 (D.Kan. 2010).

The court has considered whether a bifurcation would promote judicial economy and preserving the parties' resources. While these factors may be considered, they are not "the ultimate objective. A paramount consideration at all times in the administration of justice is a fair and impartial trial to all litigants. Considerations of economy of time, money and convenience of witnesses must yield thereto." Martin v. Bell Helicopter Co., 85 F.R.D. 654, 658 (D. Colorado, 1980).

This court's usual jury instructions include an admonition that jurors " must not be swayed by bias or prejudice or sympathy. Our system of law does not permit jurors to be governed by prejudice or sympathy." The court intends to include this, or a similar, instruction to the jury in this matter. Further, the court has a "presumption that juries follow their instructions." North American Specialty Insurance Company v. Britt Paulk Insurance Agency, Incorporated, 579 F.3d 1106, 1114 (10th Cir. 2009). See also, ClearOne Communications, Inc. v. Biamp Systems, 653 F.3d 1163, 1180 (10th Cir. 2011).

As to the remaining factors, Defendants have not shown that any prejudice cannot be avoided by proper jury instructions. See Guinn v. CRST Van Expedited, Inc., 2011 WL 2181963 (W.D. Okla.). The court is confident the jury can follow the instructions regarding sympathy or emotion that will be given at the appropriate time.

Defendants' Motion to Bifurcate Liability and Damages at Trial [Docket No. 34] is DENIED.

Dated this 4th day of April, 2013.

**Dated this 4th day of April, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma